UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DEMOND EDWARD HARRISON, SR.                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 1:14CV407-LG-RHW

DR. R. WOODALL et al                                           DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

Plaintiff Demond Edward Harrison, Sr., proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that he received inadequate medical care for a knee injury that was negligently caused by a dangerous condition at the South Mississippi Correctional Institution (SMCI). On January 8, 2015, Plaintiff filed a change of address with the Court. Doc. [15]. On June 30, 2015, the Court entered an order setting this matter for a screening hearing scheduled for August 12, 2015 at 10:00 am. Doc. [29]. The Court mailed a copy of the notice to Plaintiff's address of record: 660 Cypress Dr., D'Iberville, MS 39540. On August 12, 2015 at 10:24 am, the Court came to order and announced Plaintiff's case. Counsel for Defendants was present; however, Plaintiff was not present in the courtroom. The undersigned called Plaintiff's name in the courtroom three times without response. The Courtroom Deputy then went into the hallway to call Plaintiff's name three times as well, but received no response. The Courtroom Deputy further advised that according to the front door security officer, no one bearing Plaintiff's name had entered the courthouse indicating that he had a hearing before the undersigned.

**RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 12th day of August, 2015.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE